# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TOSHISADA ONISHI,** | Case No. 20–cv–11581–KM–ESK |
| Plaintiff, | |
| v. | ORDER |
| **RACHEL ELLEN HOUSE,** *et al.*, | |
| Defendants. | |

**KIEL, U.S.M.J.**

    **PLAINTIFF** Toshisada Onishi (Onishi) having eight motions or applications for different forms of relief pending; and the Court presuming the parties are familiar with this case and its background, and shall therefore not restate all of Onishi's claims here; and whereas,

    1.    Onishi filed an amended motion for leave to file an amended complaint (Amended Motion For Leave). (ECF No. 95.) As no defendant has appeared, and as the Amended Motion For Leave is in compliance with Federal Rule of Civil Procedure (Rule) 15 and Local Civil Rule (Local Rule) 15.1, the Amended Motion For Leave is granted.

    2.    As a result of the Court's determination as to the Amended Motion For Leave, Onishi's first motion for leave to file an amended complaint (First Motion For Leave) (ECF No. 91) is denied as moot.

    3.    Onishi's "Motion for Clarification seeking … clarification as to whether or not … such other and further relief as … this Honorable Court … deems just and proper … claimed in the *pro se* complaint (DE 1 at 28) include [sic] any relief and remedy under any applicable law and rule without seeking this Honorable Court's leave to amend *pro se* complaint (DE 1)" (Motion For Clarification) (ECF No. 96 p.1) is denied as moot. Onishi filed—and the Court has addressed—the Amended Motion For Leave. In any event, the Court lacks the authority to issue what would be, in effect, an advisory opinion. *See Jones v. Crisis Intervention Servs.*, 686 F.App'x 81, 82 n.3 (3d Cir. 2017) (advising a District Court to refrain from "opin[ing] on [a] motion to quash subpoenas—a motion that it correctly recognized was moot—[filed by] a prolific litigant," and holding "[w]hatever the

District Court's motivation, we note for future reference that it … may not render an advisory opinion"); *Hightower v. United States*, No. 09-05813, 2010 WL 174836, at *2 (D.N.J. Jan. 13, 2010) (holding a court "may not give legal advice, rule on hypothetical future events, or issue advisory opinions").

4. Onishi's amended motion for declaratory judgment upon the original complaint (Amended Motion For Declaratory Judgment) (ECF No. 86) is denied without prejudice, as the pleading upon which Onishi seeks such relief is no longer the operative pleading. (*See* ECF No. 86-3 pp. 9–10 (Onishi seeking such relief based on the alleged "undisputed material facts in the *pro se* complaint (DE 1 at 3–24)," which refers to the original complaint); *id.* pp. 14–15 (Onishi seeking the same).)

5. Onishi's motion pursuant to Rule 55(b) for entry of default judgment as to the original complaint (Motion For Default Judgment) (ECF No. 83) is denied without prejudice, as the pleading upon which Onishi seeks such relief is no longer the operative pleading. (*See id.* p. 1 (Onishi seeking "Default Judgment against Defendant Rachel Ellen House with the undisputed facts of this action (DE 1)," which refers to the original complaint; ECF No. 83-2 p. 2 (Onishi seeking entry of default judgment based upon the original complaint); ECF No. 83-3 pp. 5–6 (Onishi seeking the same).) In addition, the Court notes "the proper procedure for obtaining a default judgment … require[s] [a party] to seek entry of default by the Clerk under [Rule] 55(a) before seeking a default judgment in the District Court under Rule 55(b)." *Shipman v. Talley*, 629 F.App'x 199, 202 n.4 (3d Cir. 2015); *see also Husain v. Casino Control Comm'n*, 265 F.App'x 130, 133 (3d Cir. 2008) (holding the "entry of default by the Clerk under [Rule] 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)"); *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F.App'x 519, 521 n.1 (3d Cir. 2006) (holding that before a default judgment is obtained under Rule 55(b), there must be an entry of default under Rule 55(a)). Onishi has neither requested nor secured the entry of default against defendants in this case from the Clerk of the Court before filing the Motion For Default Judgment. As a result, the Motion For Default Judgment would also be denied as premature. *See Jayme v. United States*, No. 10-03248, 2011 WL 195566, at *2 (D.N.J. Jan. 19, 2011) (holding a plaintiff's "pro se status does not free him from compliance with the Federal Rules of Civil Procedure").

6. Onishi's motion for an extension of time to file additional documents in support of the Motion For Default Judgment (Extension Motion) (ECF No. 101) is consequently denied as moot.

7. The Court interprets Onishi's application for the assistance of the United States Department of Justice (Application For Assistance) (ECF No. 102) to not seek any relief directly from the Court, as the Application For Assistance "requests that the Department of Justice to investigate [sic] and initiate" certain matters. (ECF No. 102 p.3.) If Onishi is seeking some form of relief from the Court in the Application For Assistance, then Onishi must file a proper motion for such relief that is addressed to the Court and is in accordance with the Rules and the Local Rules. As a result, the Application For Assistance is administratively terminated without prejudice to the extent it may be interpreted to be a pending motion.

8. Onishi's "application for a writ of body attachment" (Writ Application) (ECF No. 94) pursuant to Rule 64 and N.J.S.A. 2A:26-2 (State Statute) is denied. The Court interprets the Writ Application to be seeking to "seiz[e] Defendant House" pursuant to the State Statute. (ECF No. 94 p.1.) But the State Statute only applies "against the property, real and personal, of any defendant." N.J.S.A. 2A:26-2. As such, the State Statute is inapplicable because Onishi seeks to effect a physical arrest of a defendant's person. Furthermore, Onishi argues in support of the Writ Application that "Defendant House defaulted in this action by failing to timely file any responsive pleading or answer by the deadline of February 19, 2021, the facts in the Complaint (DE 1) … are not disputed at all and must be accepted as true." (ECF No. 94-2 pp.6–7; *see also id.* p.8 (Onishi arguing the same).) However, as previously noted, the original complaint which Onishi cites in the Writ Application is no longer the operative complaint, and thus Onishi cannot seek relief based on the allegations set forth therein. Additionally, Onishi has failed to seek entry of default against the defendants pursuant to Rule 55(a), and thus Onishi is barred from seeking any relief premised upon the entry of default against the defendants at this juncture. The Court also notes Onishi did not abide by the Rules or the Local Rules concerning motion practice in support of the Writ Application, which Onishi must do in the future when seeking relief from the Court.

9. The Court also reminds Onishi to use the proper caption on his filings. Several of the notices of motion have the wrong caption. (*See* ECF Nos. 91, 95, 96, 101.)

Accordingly,

**IT IS** on this   **17th** day of **March 2021**   **ORDERED** that:

1. The Amended Motion For Leave (**ECF No. 95**) is **GRANTED**. Onishi is directed to separately file a clean, unmarked copy of his amended complaint by

**March 31, 2021**. Onishi is directed to refrain from engaging in any further motion practice until after the amended complaint has been filed.

     2.     The First Motion For Leave (**ECF No. 91**), the Motion For Clarification (**ECF No. 96**), and the Extension Motion (**ECF No. 101**) are **DENIED** as moot.

     3.     The Motion For Default Judgment (**ECF No. 83**) and the Amended Motion For Declaratory Judgment (**ECF No. 86**) are **DENIED** without prejudice.

     4.     The Writ Application (**ECF No. 94**) is **DENIED**.

     5.     The Application For Assistance (**ECF No. 102**) is **ADMINISTRATIVELY TERMINATED** without prejudice.

     6.     The Clerk of the Court is directed to terminate ECF Nos. 83, 86, 91, 94, 95, 96, 101, and 102.

                              */s/ Edward S. Kiel*
                                **EDWARD S. KIEL**
                                **UNITED STATES MAGISTRATE JUDGE**