UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOSHISADA ONISHI,<br><br>                    Plaintiff,<br><br>           v.<br><br>RACHEL ELLEN HOUSE, *et al,*<br><br>                  Defendants. | **Civil Action No. 20-11581 (JXN) (JRA)**<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

**NEALS**, District Judge:

This matter comes before the Court on the following motions filed by *pro se* Plaintiff Toshisada Onishi ("Plaintiff"): (1) motions to appeal from the decision of the magistrate judge [ECF Nos. 124, 221], (2) motion to seal [ECF No. 133], (3) motion for an extension of time to file an amended complaint [ECF No. 135], (4) "emergency" motion for a temporary restraining order [ECF No. 138], and (5) motion to vacate [ECF No. 194]. This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's motions [ECF Nos. 124, 133, 194, 221] are hereby **DENIED**, Plaintiff's motion for an extension of time to file an amended complaint [ECF No. 135] is hereby **GRANTED**, Plaintiff's motion for temporary restraining order [ECF No. 138] is hereby **Administratively Terminated** as moot.

    **I.**    **Appeal from the Decision of the Magistrate Judge**

        **a.**  *Appeal from the Court's March 22, 2021 and March 23, 2021 Orders.*

On April 4, 2021, Plaintiff filed a motion to reconsider the Court's March 22, 2021 [ECF No. 111] and March 23, 2021 [ECF No. 113] Text Orders. In these Orders, the Court denied

Plaintiff's "application for writ of body attachment / arrest warrant" and "emergency motion to assert the rights of the crime victims." *See* ECF Nos. 111, 113. Plaintiff submits that the Court's Orders should be reconsidered because Magistrate Judge Edward Kiel did not have the authority to rule on said motions. ECF No. 124 at 2. On April 14, 2021, Judge Kiel entered an Order noting that Plaintiff's motion for reconsideration is actually an appeal to the District Judge from the decision of a magistrate judge pursuant to Local Civil Rule 72.1. Accordingly, the Court will consider Plaintiff's motion as an appeal from Judge Kiel's Orders.

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000).

Plaintiff fails to show that Judge Kiel's Orders were "clearly erroneous or contrary to law." Plaintiff submits that the Court's Orders should be reconsidered because Judge Kiel did not have the authority to rule on said motions. ECF No. 124 at 2. As noted above, magistrate judges may

hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). In the District of New Jersey, the duties of the magistrate judge are to "[e]xerci[se] general supervision of the civil calendar of the Court, conducting calendar and status calls, and ***determining motions*** to expedite or postpone the trail of cases for the Judges." L. Civ. R. 72.1(a)(3) (emphasis added). Here, Judge Kiel's Orders were well within his duties as outlined in L. Civ. R. 72.1 and authorized under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Thus, the Court finds that Judge Kiel's Orders [ECF Nos. 111, 113] were not clearly erroneous or contrary to law. Accordingly, Plaintiff's appeal from the decision of the magistrate judge [ECF No. 124] is denied.

    **b.** ***Appeal from the Court's August 31, 2021 Order.***

On September 6, 2021, Plaintiff filed a motion to reconsider the Court's August 31, 2021 Order ("August 31 Order"). The Court's August 31 Order provides, in relevant part, the following:

> 1. The motions in the House Case at ECF Nos. 134 and 204, and in the Chapleau Case at ECF No. 249, are **DENIED**. The Clerk of the Court is directed to terminate the motions at **ECF Nos. 134 and 204** under Case No. 2:20–cv–11581. The Clerk of the Court is directed to terminate the motions at **ECF No. 249** under Case No. 20–cv–13001.
>
> 2. The Clerk of the Court is directed to terminate the motions at **ECF Nos. 86, 99, 101, 110, 111, 113, 114, 115, 119, 123, 126, 128, 130, 137, 167, 168, 177, 205, 208, 229, 230, 231, 233, 249, 250, 251, 256, 264, and 265** under Case No. 20–cv–13001.
>
> 3. The Clerk of the Court is directed to terminate the motion at **ECF Nos. 116, 131, 134, 137, 204, 206, 207, 212, and 219** under Case No. 2:20–cv–11581.

ECF No. 220 at 5 (emphasis in original). On September 9, 2021, Judge Kiel entered an Order noting that Plaintiff's motion for reconsideration was "improperly designated as a motion to reconsider" and that said motion is "an appeal pursuant to Federal Rule of Civil Procedure 72, Local Rule 72.1, and 28 U.S.C. § 636(b)(1) from an order entered by a magistrate judge on August

3

31, 2021." ECF No. 223. Accordingly, the Court will consider Plaintiff's motion as an appeal from Judge Kiel's August 31 Order.

As noted above, a district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). Plaintiff fails to show that Judge Kiel's August 31 Order is "clearly erroneous or contrary to law." Plaintiff submits that it was inappropriate and "clear error" for Judge Kiel to issue the August 31 Order terminating motions that were scheduled to be decided by the Undersigned. *See* ECF No. 221 at 2, 15. Under Local Civil Rule 72.1(a)(3), the duties of the magistrate judge are to "[e]xerci[se] general supervision of the civil calendar of the Court, conducting calendar and status calls, and ***determining motions*** to expedite or postpone the trail of cases for the Judges." L. Civ. R. 72.1(a)(3) (emphasis added). Here, Judge Kiel's Order to terminate motions and supervise the civil calendar is well within his duties as outlined in L. Civ. R. 72.1. Thus, the Court finds that Judge Kiel's Order [ECF Nos. 220] is not clearly erroneous or contrary to law. Accordingly, Plaintiff's appeal from the decision of the magistrate judge [ECF No. 221] is denied.

## II.    Motion to Seal

Plaintiff seeks to have the Court's March 17, 2021 Order [ECF No. 108] sealed. Plaintiff submits that the information contained in the Order relates to confidential information Plaintiff submitted to the State of New Jersey, "privileged or potentially privileged information regarding the prosecution of the Indiana Defendants and Defendant Rachel House in this action, and other information that should be sealed to prevent any reasonably foreseeable harm and injury to *Pro Se* Plaintiffs and the state of New Jersey." ECF No. 133 ¶ 4. Plaintiff contends that there is

"legitimate private and public interests in keeping the subject materials under seal" and that the parties would be harmed if the subject material remains public. *Id.* ¶¶ 6-7.

It is well established that there is "a common law public right of access to judicial proceedings and records." *In re Cendant, Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). In order to overcome the presumption of a public right to access, the movant must demonstrate that "good cause" exists for the protection of the material at issue. *Securametrix, Inc. v. Iridian Technologies, Inc.*, C.A. No. 03–4394 (RBK) 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." *Id.* (citing *Pansy v. Boro of Stroudsberg*, 23 F.3d 772, 786 (3d Cir. 1994)).

The applicable requirements to seal documents is set forth in L. Civ. R. 5.3, which requires that the movant submit an index, substantially in the form suggested by Appendix U, describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.

Plaintiff's motion is denied because he has not established a clearly defined and serious injury that would result if the relief sought is not granted. The only argument Plaintiff submits in support of this necessary element of proof is a conclusory statement. Specifically, Plaintiff states:

> Plaintiff contends that *Pro Se* Plaintiffs and the state of New Jersey would be harmed [] by disturbing the New Jersey matter and injury to their present and future interests in the event that the subject materials remain public and that there is no less restrictive alternative[] than sealing the March 17, 2021 Order (DE 108) because the entire motions, papers and documents contain the subject materials that should be sealed.

ECF No. 133 ¶ 7.

Plaintiff's general allegation of harm, without any support, does not satisfy Plaintiff's burden of proof. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." *Pansy,* 23 F.3d at 786. Plaintiff's contention regarding the alleged harm the parties would suffer from the disclosure of the Court's Order is general, overbroad and conclusory because Plaintiff does not cite to any specific examples of harm he would suffer. Thus, Plaintiff's averments simply do not satisfy his burden of proof under Rule 5.3 and applicable case law. *See Pansy*, 23 F.3d at 786 ("[t]he injury must be shown with specificity"). Moreover, Plaintiff did not file an index with his motion papers as required under L. Civ. R. 5.3(c)(3). Additionally, the Court otherwise finds no independent basis to seal the documents *sua sponte*. *See Bracco Diagnostics, Inc. v. Amersham Health Inc.,* 2007 WL 2085350, at *5 (D.N.J. July 18, 2007) (despite that the motion to seal failed to adequately address the factors set out in L. Civ. R. 5.3(c)(2), the court ordered that the documents remain under seal, finding *sua sponte* that there was no less restrictive alternative to protecting the correspondence from public access). Accordingly, Plaintiff's motion to seal [ECF No. 133] is denied.

### III.     Motion for an Extension of Time to File a Motion to Amend

On May 31, 2021, Plaintiff filed a second motion for an extension of time to file an amended complaint. ECF No. 135. The Court will grant Plaintiff's motion. Plaintiff shall file an amended complaint by April 29, 2022. No further extensions will be granted absent good cause.

### IV.     "Emergency" Motion for a Temporary Restraining Order

Plaintiff filed an "emergency" motion for temporary restraining order [ECF No. 138] on May 18, 2021, requesting that the Court enjoin Defendant Rachel Ellen House from "relocating and kidnapping the minor child of *Pro Se* Plaintiff and Defendant Rachel House named D.A.O. from her current address in South Bend, Indiana without any notice for 90 days." ECF No. 138 at

6

2. Plaintiff submits that "Defendant Rachel Ellen House allegedly planned to relocate and kidnap the minor child within the next few months from the time of filing this motion[.]" *Id.* Nearly a year has passed since Plaintiff's motion was filed and since the actions alleged in Plaintiff's motion papers were set to occur. Thus, the "emergent" nature of Plaintiff's motion is no longer applicable. Accordingly, the Court will administratively terminate Plaintiff's "emergency" motion for temporary restraining order [ECF No. 138] as moot.

### V. Motion to Vacate all Orders Denying Plaintiff's Motion to Initiate the 42 U.S.C. § 1987 Prosecution and Assert Crime Victims' Rights Under 18 U.S.C. § 3771

Plaintiff moves for an order vacating all orders denying Plaintiff's motion to initiate the 42 U.S.C. § 1987 prosecution and assert crime victims' rights under 18 U.S.C. § 3771.[1] *See* ECF No. 194. Plaintiff's motion appears to be a motion for reconsideration of the Court's February 3, 2021 Memorandum and Order denying Plaintiff's motions for reconsiderations at ECF Nos 76, 77, and 79. *See* ECF No. 80. Accordingly, the Court will treat Plaintiff's motion as a motion to reconsider the Court's February 3 Memorandum and Order denying his previous motions for reconsideration.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when the court [issued its order]; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See id.* Under this standard, courts have noted that "reconsideration is an extraordinary remedy, that is granted 'very sparingly.'"

---

[1] Plaintiff also seeks an order vacating decisions in Civil Action No. 2:20-cv-13001 (JXN). The Court will only address the motions relevant to the instant matter.

*Brackett v. Ashcroft*, Civil Action No. 03-3988 (WJM), 2003 U.S. Dist. LEXIS 21312, *5 (D.N.J. Oct. 7, 2003) (citation omitted).

As an initial matter, Plaintiff's motion for reconsideration is untimely. The Court's Memorandum and Order was filed on February 3, 2021, and Plaintiff's motion was filed July 31, 2021. Under L. Civ. R. 7.1(i), a motion for reconsideration shall be served and filed within 14 days after the entry of the order. Thus, Plaintiff's motion is untimely. Moreover, Plaintiff has not presented the Court with any changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Thus, the Court will not reconsider its February 3, 2021 Memorandum and Order.

**IT IS THEREFORE,** on this 31st day of March, 2022,

**ORDERED** that Plaintiff's motions to appeal from the decision of the magistrate judge [ECF Nos. 124, 221] is hereby **DENIED**; and it is further

Plaintiff's motion to seal [ECF No. 133] is hereby **DENIED**; and it is

**ORDERED** that Plaintiff's motion for an extension of time to file an amended complaint [ECF No. 135] is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for temporary restraining order [ECF No. 138] is hereby **Administratively Terminated** as moot; and it is further

**ORDERED** that Plaintiff's motion for reconsideration [ECF No. 194], improperly labeled as a motion to vacate, is hereby **DENIED**.

DATED: March 31, 2022

Julien Xavier Neals
United States District Judge